UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINCOLN SQUARE CAPITAL
MANAGEMENT, LLC,

    Plaintiff,

v.                                                            Case No. 2:21-mc-3-JLB-NPM

MEGHAN R. RIZZO,

    Defendant.

## ORDER

Before the Court is the Motion for Continuing Writ of Garnishment Against Salary and Wages (Doc. 12). Lincoln Square Capital Management, LLC requests the Court direct the Clerk to issue a continuing writ of garnishment on EXP Realty, LLC. (*Id.*, p. 1).

On October 24, 2017, the United States District Court for the Southern District of New York entered a Default Judgment against Defendant Meghan R. Rizzo in the amount of $85,952.00. (Doc. 1, p. 2). Plaintiff represents Defendant now resides in this District. Plaintiff also represents the Judgment remains outstanding and Plaintiff believes EXP Realty, LLC is currently providing salary and wages to Defendant, may be indebted to Defendant, or has tangible or intangible personal property of Defendant in its possession or control. (Doc. 12, p. 2).

Rule 69(a)(1), Federal Rules of Civil Procedure, provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1); *see also* Fed. R. Civ. P. 64.  Because this district is in the State of Florida, Florida law applies in executing on the judgment and in garnishment proceedings. Florida law provides that "[e]very person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment . . . ."  Fla. Stat. § 77.01. To obtain a continuing writ of garnishment against salary or wages, a party must comply with Florida Statute Section 77.0305, which provides, "a court shall issue a continuing writ of garnishment to the judgment debtor's employer" until the judgment is satisfied or until otherwise provided by court order.

Here, Plaintiff requests that the Court direct the Clerk of Court to issue a continuing writ of garnishment. The Court finds that Plaintiff has complied with both the Federal Rules of Civil Procedure and the Florida Statutes and therefore directs the Clerk of Court to issue the continuing writ of garnishment attached to the Motion.

Under Florida Statute Section 77.041(2), Plaintiff must mail a copy of the continuing writ of garnishment, a copy of the motion for continuing writ of garnishment, and because Defendant is an individual, the "Notice to Defendant" to

Defendant's last known address within five business days after the writ is issued or three business days after the writ is served on garnishee, whichever is later. If the documents are returned as undeliverable or if the last known address is undiscoverable, then Plaintiff must mail the documents to Defendant at Defendant's last place of employment. *Id.* Plaintiff must then file a certificate of such service. *Id.* Further, if the garnishee fails to answer, then upon motion, the garnishee may be subject to default and final judgment in the amount of Plaintiff's claim with interest and costs. Fla. Stat. § 77.081.

Accordingly, the Court **grants** the Motion for Continuing Writ of Garnishment Against Salary and Wages (Doc. 12). The Court directs the Clerk of Court to issue the continuing writ of garnishment attached to this Motion.

**DONE** and **ORDERED** in Fort Myers, Florida on March 8, 2021.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE